UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

SECURITIES AND EXCHANGE COMMISSION,

                Plaintiff,

     v.

AMIR BRUNO ELMAANI, a/k/a BRUNO BLOCK,

                Defendant.

C.A. No. 20-cv-10376 (PKC)

---

**[PROPOSED] FINAL JUDGMENT AS TO DEFENDANT AMIR BRUNO ELMAANI**

**WHEREAS**, on December 9, 2020, Plaintiff Securities and Exchange Commission ("SEC" or "Commission")) filed its Complaint in this case (Dkt. 1) against Defendant Amir Bruno Elmaani, a/ka, Bruno Block ("Defendant");

**WHEREAS**, on the same day the SEC filed this case, Defendant was arrested in connection with a related criminal case, *United States v. Elmaani*, No. 20-cr-661 (S.D.N.Y.) (CM) ("Criminal Case");

**WHEREAS**, on January 4, 2021, the SEC served Defendant with the Summons and Complaint in this case, and filed the executed Return of Service on January 7, 2021. (Dkt. 6);

**WHEREAS**, on February 11, 2021, the Court granted the motion of the United States to Intervene and Stay this case until after the completion of the Criminal Case. (Dkt. 11);

**WHEREAS**, on January 10, 2025, the SEC requested that the Court lift the stay and order Defendant to answer or otherwise respond to the Complaint within 60 days. (Dkt. 18);

**WHEREAS**, on January 21, 2025, the Court vacated the stay and ordered Defendant to respond to the Complaint by March 21, 2025. (Dkt. 20). In its Order, the Court stated that:

1

"Failure to respond to the Complaint will result in the entry of judgment against defendant by default." (*Id.*);

**WHEREAS**, Defendant has not answered moved or otherwise responded to the Complaint and the March 21, 2025 deadline has passed. (Dkt. 31);

**WHEREAS**, on May 14, 2025, the Clerk of Court docketed the Clerk's Certificate of Default certifying that Defendant has not answered or otherwise moved with respect to the Complaint. (Dkt. 31);

**WHEREAS**, the SEC has timely moved for entry of Default Judgment against Defendant. (Dkt. 23, 25, 34, and 39);

**WHEREAS**, the Court has personal jurisdiction over Defendant, subject matter jurisdiction over this case, and venue is proper in this District; and

**WHEREAS**, Defendant is not an infant or incompetent person and is not in the military service of the United States;

**NOW, THEREFORE**, **IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the SEC's Motion for Default Judgment is **GRANTED**:

## I.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendant is permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

(a)    to employ any device, scheme, or artifice to defraud;

  (b)  to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

  (c)  to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

by, directly or indirectly, (i) creating a false appearance or otherwise deceiving any person, or (ii) disseminating false or misleading documents, materials, or information or making, either orally or in writing, any false or misleading statement in any communication with any investor or prospective investor, about:

  (A) any investment in or offering of securities;

  (B) the registration status of such offering or of such securities;

  (C) the prospects for success of any product or company;

  (D) the use of investor funds; or

  (E) the misappropriation of investor funds or investment proceeds.

  **IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

## II.

  **IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendant is permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)] in the offer or sale of any security by the

use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

 (a) to employ any device, scheme, or artifice to defraud;

 (b) to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

 (c) to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

by, directly or indirectly, (i) creating a false appearance or otherwise deceiving any person, or (ii) disseminating false or misleading documents, materials, or information or making, either orally or in writing, any false or misleading statement in any communication with any investor or prospective investor, about:

 (A) any investment in or offering of securities;

 (B) the registration status of such offering or of such securities;

 (C) the prospects for success of any product or company;

 (D) the use of investor funds; or

 (E) the misappropriation of investor funds or investment proceeds.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

## III.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendant is permanently restrained and enjoined from violating Section 5 of the Securities Act [15 U.S.C. § 77e] by, directly or indirectly, in the absence of any applicable exemption:

(a) Unless a registration statement is in effect as to a security, making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise;

(b) Unless a registration statement is in effect as to a security, carrying or causing to be carried through the mails or in interstate commerce, by any means or instruments of transportation, any such security for the purpose of sale or for delivery after sale; or

(c) Making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed with the Commission as to such security, or while the registration statement is the subject of a refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding or examination under Section 8 of the Securities Act [15 U.S.C. § 77h].

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

## IV.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that pursuant to Sections 21(d)(1) and 21(d)(5) of the Exchange Act [15 U.S.C. §§ 78u(d)(1) and (5)], and Section 20(b) of the Securities Act [15 U.S.C. § 77t(b)], Defendant is permanently restrained and enjoined from, directly or indirectly, including, but not limited to, through any entity he owns or controls, participating in the issuance, offer, or sale of any security; provided, however, that such injunction shall not prevent Defendant from purchasing or selling securities listed on a national securities exchange for his own personal accounts.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

## V.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

_____

Hon. P. Kevin Castel, U.S.D.J.

Dated _____, _____